## THE L. C. BATES COMPANY
vs.
## THE SMEDLEY COMPANY

Superior Court      New Haven County      File #47012

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

Watrous, Hewitt,
  Gumbart & Corbin,          Attorneys for the Plaintiff.

Albert H. Barclay,          Attorney for the Defendant.

## MEMORANDUM FILED MARCH 13, 1936.

O'SULLIVAN, J.   This suit is to recover damages from the defendant for its neglect to take proper care of certain wines, liquors and cordials placed in its custody as a warehouseman. The defendant sets forth in its third defense that at the time the goods were delivered to it, there was in force and effect a "Code of Fair Competition for the Merchandise Warehousing Trade", by the terms of which the owner of property placed in the possession of a warehouseman assumed all risk for damage ensuing from the effect of changes in temperature, and that the goods accepted were part of a transaction in interstate commerce. To this defense the plain-

tiff has demurred.

Although the action is based on negligence of the common law variety, it traces its source to a contract made between the parties by which, from the relationship so created, the law has imposed certain duties as to the use of care. **Dean vs. Hershowitz, 119 Conn., 398.**

Hence, an important phase of this case is to ascertain the terms and conditions of the contract. Manifestly, if the plaintiff placed the goods in the defendant's possession with the understanding that the contingency of liability was predicated upon the terms of the Code to which reference is made in the third defense, no recovery should be had if such defense could be established. But nowhere it is alleged that the provisions of the Code were known to or should have been known by the plaintiff or that its agreement with the defendant embraced all or any part of the Code.

Alleging the existence of the Code without further allegations that its provisions were incorporated in the original agreement between the parties is not of slightest value to the defendant as a defense. This memorandum is not to be construed as any authority, one way or the other, as to the right of the defendant to offer evidence of the Code to establish the customs and usages of the trade to negative any claimed negligence.

Hence the demurrer is sustained.